**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DONALD GREENBERG

     Plaintiff,                    Case No.:  <u> 8:19-cv-3118             </u>

-vs-

COLONIAL PANCAKE HOUSE, INC.
d/b/a KISSIN' CUZZINS FAMILY RESTAURANT,

     Defendant.

<u>                             </u>/

## <u>COMPLAINT</u>

     Plaintiff, DONALD GREENBERG, sues Defendant, COLONIAL PANCAKE HOUSSE, INC. a Florida Profit Corporation doing business as KISSIN' CUZZINS FAMILY RESTAURANT, and alleges:

## <u>NATURE OF THE CLAIMS</u>

     1.     This is an action under the Florida Civil Rights Act., Fla. Stat. § 760.01 et seq. (FCRA) and the Americans with Disabilities Act as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. (ADA) for Defendant's unlawful employment practices against Plaintiff based on his disability and protected activity. The action seeks declaratory, injunctive, and equitable relief, as well as monetary damages, costs, and attorney's fees.

     2.     The Defendant violated the ADA and FCRA in three ways applicable to each statutory framework: it discriminated against Plaintiff by terminating him because of his disability or a perceived disability; it discriminated against Plaintiff by failing to reasonably accommodate him, including by refusing to allow Plaintiff to return to work at the conclusion of a disability leave

of absence; and it retaliated against Plaintiff for engaging in activity the ADA and FCRA protected when Plaintiff requested a reasonable accommodation for his disability.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. § 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. This Court has jurisdiction over the FCRA claims under 28 U.S.C. § 1367(a) because the FCRA claims are so related to the ADA claims that they form part of the same case or controversy.

4.      Plaintiff DONALD GREENBERG, ("Greenberg" or "Plaintiff"), is domiciled in Pinellas County, Florida.

5.      Defendant, COLONIAL PANCAKE HOUSE, INC. ("Kissin' Cuzzins" or "Defendant"), is a Florida profit corporation with its principal place of business in St. Petersburg, Pinellas County, Florida. The corporation is the owner of the fictitious name "Kissin' Cuzzins Family Restaurant" and customarily does business as "Kissin' Cuzzins."

6.      The acts and omissions giving rise to this cause of action occurred in Pinellas County, Florida.

## CONDITIONS PRECEDENT AND PROCEDURAL REQUIREMENTS

7.      All conditions precedent to bringing this action have been performed or have occurred.

8.      On February 13, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in Tampa, Florida, which was also deemed filed with the Florida Commission on Human Relations (FCHR) and the Pinellas Office of Human

Rights (Pinellas OHR). Plaintiff filed the charge within three hundred (300) days of the occurrence of one or more of the alleged employment practices that violated the ADA and FCRA. Plaintiff's EEOC charge arose out of many of the same facts alleged herein.

9.      On or about September 26, 2019, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff is filing this Complaint within ninety (90) days of receiving the right to sue.

10.     After the EEOC charge was deemed filed with the FCHR, the FCHR failed to make any determination as to reasonable cause within one hundred eighty (180) days.

## ADA/FCRA COVERAGE AND ELIGIBILITY

11.     At all times material, Defendant was an "employer" within the meaning of 42 U.S.C. § 12111(5) and Fla. Stat. § 760.02(7) who had fifteen (15) or more employees in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

12.     At all times material, Plaintiff was a "qualified individual" within the meaning of 42 U.S.C. § 12111(8) who could, with or without reasonable accommodation, perform the essential functions his employment position.

## STATEMENT OF FACTS

13.     Defendant is a profit corporation that operates a breakfast and lunch restaurant in St. Petersburg, Florida known as Kissin' Cuzzins.

14.     Plaintiff has worked for Defendant intermittently since the early 1980s when Plaintiff was hired as a cook at the age of fourteen. Plaintiff has worked multiple roles in Defendant's restaurant over the decades since.

15.     Plaintiff is a person with a disability in that he suffers from a herniated disc and lumbar disc bulge that substantially limits major life activities, including but not limited to his

ability to sit, stand, and work. Plaintiff's disability is chronic in nature and episodically creates additional and more severe impairments in his ability to sit, work, and engage in other major life activities.

16.     Plaintiff has a record of a disability impairment of which Defendant was aware.

17.     Plaintiff was regarded as or perceived as having a disability impairment by Defendant and, in particular, Defendant's owner—Gerald Steven Rice—who maintained a personal friendship with Plaintiff and had personal knowledge of how Plaintiff's disability impairs Plaintiff's ability to sit, stand, work, and engage in other major life activities.

18.     In 2015, Plaintiff and Rice discussed Defendant's desire to hire Plaintiff full-time as a Manager. Plaintiff left a lucrative position at another job to work for Defendant based on the promise of salary terms and the option to purchase Defendant's business and real property.

19.     Throughout his entire tenure with Defendant, Plaintiff never received a disciplinary writeup or negative performance evaluation, in writing or orally.

20.     Whenever Plaintiff sought feedback from Rice about his performance, Plaintiff was told to "keep doing what [he was] doing" and generally received positive feedback.

21.     Based on Defendant's earlier promises of giving Plaintiff an option to purchase the restaurant and real property, Plaintiff undertook measures to line up financing and other resources necessary to make the purchase.

22.     Things changed between Plaintiff and Defendant after Plaintiff experienced an injury which exacerbated his disability condition and caused an episode of increased impairment on or around September 7, 2018.

23. On or around September 8, 2018, Plaintiff visited his doctor and, based on the doctor's recommendation, requested the following week off from work as a reasonable accommodation.

24. The request for leave was reasonable and presented no undue hardship to Defendant.

25. Defendant had a history of accommodating leave for other employees, including managers, who experienced disability impairments and injuries. For example, Defendant allowed another manager to take nearly a year of leave with benefits paid under similar circumstances. During this time Rice himself covered for the manager.

26. When Plaintiff requested a week off work as an accommodation, Plaintiff was told he needed to use his vacation time. This was first time in Plaintiff's decades-long experience with the restaurant that he witnessed an employee being told they need to use vacation time for a medical leave of absence.

27. On or around September 17, 2018, Plaintiff's doctor released him to work, as was initially planned. However, when Plaintiff tried to return to work, Defendant instructed him to take another week off.

28. On September 23, 2018, when Plaintiff text messaged Defendant stating that he was ready to come back to work, Defendant terminated Plaintiff.

29. Plaintiff learned from other staff at the restaurant that Defendant intended to invent pretextual reasons to fire Plaintiff.

30. Defendant discriminated against Plaintiff by terminating him because of his disability and retaliated against Plaintiff for making a request for a reasonable accommodation.

31.     By virtue of Defendant's actions, Plaintiff has retained undersigned counsel and is obligated to pay a reasonable attorney's fee.

## COUNT I – AMERICANS WITH DISABILITIES ACT
### (ADA –  Disability Discrimination – Failure to Accommodate)

32.     Plaintiff incorporates by reference paragraphs 1 – 31 as if fully stated herein.

33.     At all times material Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. § 12111(8).

34.     At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he was actually impaired as described 42 U.S.C. § 12102(1)(A).

35.     At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he had a record of disability impairment as described 42 U.S.C. § 12102(1)(B).

36.     At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he was regarded by Defendant as having a disability impairment as described 42 U.S.C. § 12102(1)(C).

37.     At all relevant times, Plaintiff was qualified to perform the essential duties of the position with the requested reasonable accommodation.

38.     All accommodations that Plaintiff requested were reasonable.

39.     None of the accommodations that Plaintiff requested would have created undue hardship for Defendant.

40.     On or around September 8, 2018, when Plaintiff visited his doctor concerning his disability impairments, the doctor recommended Plaintiff take the following week off work.

41.     Plaintiff requested that Defendant provide the accommodation recommended by the doctor.

42.     Although Defendant granted the accommodation to the extent that he was permitted the time off, Defendant unreasonably refused the accommodation to the extent that it unreasonably refused to allow Plaintiff to return to work and perform his job and instead fired him. Defendant also unreasonably refused the accommodation to the extent that it required Plaintiff to use vacation time, which was unprecedented at the restaurant for an employee's use of medical leave.

43.     Defendant discriminated against Plaintiff in violation of the ADA by refusing to accommodate his disability.

44.     Defendant knowingly and intentionally discriminated against Plaintiff because of his disability, his record of a disability, and/or the perception of a disability.

45.     Defendant is liable for the acts and omissions of its agents and employees.

46.     Plaintiff suffered injuries, damages, and losses as a result of Defendant's failure to reasonably accommodate his disability.

47.     Defendant's failure to accommodate Plaintiff's disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

48.     Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it refused to provide a reasonable accommodation for his disability.

## COUNT II – AMERICANS WITH DISABILITIES ACT
### (ADA – Disability Discrimination – Wrongful Termination)

49.     Plaintiff incorporates by reference Paragraphs 1 – 31 as if fully stated herein.

50.     At all times material Plaintiff was a qualified individual with a disability pursuant to 42 U.S.C. § 12111(8).

51.     At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he was actually impaired as described 42 U.S.C. § 12102(1)(A).

52.      At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he had a record of disability impairment as described 42 U.S.C. § 12102(1)(B).

53.      At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because he was regarded by Defendant as having a disability impairment as described 42 U.S.C. § 12102(1)(C).

54.      At all relevant times, Plaintiff was qualified to perform the essential duties of the position.

55.      Defendant discriminated against Plaintiff in violation of the ADA by terminating his employment.

56.      Defendant treated Plaintiff less favorably than his similar situated counterparts who did not have Plaintiff's disability.

57.      Defendant knowingly and intentionally discriminated against Plaintiff because of his disability, his record of a disability, and/or the perception of a disability.

58.      Defendant is liable for the acts and omissions of its agents and employees. Defendant, either directly or by and through its agents, discriminated against Plaintiff and caused him injuries, damages, and losses.

59.      Plaintiff suffered injuries as a result of Defendant's acts.

60.      Defendant's termination of Plaintiff was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

61.      Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it terminated Plaintiff.

## COUNT III – Americans with Disabilities Act
## (ADA – Retaliation)

62.     Plaintiff incorporates by reference Paragraphs 1 – 48 as if fully stated herein.

63.     Plaintiff engaged in protected activity when he asked Defendant for reasonable accommodations for his disability.

64.     As a direct result of Plaintiff's request for a reasonable accommodation, Defendant retaliated against Plaintiff by requiring him to use vacation time for a medical leave against established company practice, refusing to let him return from the leave, and by terminating his employment.

65.     Defendant treated Plaintiff less favorably than his similarly situated counterparts who did not engage in protected activity.

66.     Defendant is liable for the acts and omissions of its agents and employees. Defendant, either directly or by and through its agents, retaliated against Plaintiff and caused him injuries, damages, and losses.

67.     Plaintiff suffered injuries as a result of Defendant's retaliatory conduct.

68.     Defendant's retaliatory conduct was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

69.     Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

## COUNT IV – FLORIDA CIVIL RIGHTS ACT
### (FCRA – Disability Discrimination – Failure to Accommodate)

70.     Plaintiff incorporates by reference Paragraphs 1 – 48 as if fully stated herein.

71.     At all relevant times, Plaintiff was an "employee" within the meaning of the FCRA, and Defendant was an "employer" within the meaning of the FCRA.

72.    As stated above, Defendant discriminated against Plaintiff by refusing to provide a reasonable accommodation, which violated the FCRA.

73.    As a direct and proximate result of Defendant's failure to provide a reasonable accommodation in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, loss of dignity, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, emotional pain, and other intangible injuries.

74.    Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights under the FCRA.

## COUNT V – FLORIDA CIVIL RIGHTS ACT
### (FCRA – Disability Discrimination – Wrongful Termination)

75. Plaintiff incorporates by reference Paragraphs 1 – 74 as if fully stated herein.

76. As stated above, Defendant discriminated against Plaintiff in violation of the FCRA by terminating his employment.

77. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, loss of dignity, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, emotional pain, and other intangible injuries.

78. Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights under the FCRA.

## COUNT VI – FLORIDA CIVIL RIGHTS ACT
### (FCRA – Retaliation)

79. Plaintiff incorporates by reference Paragraphs 1 – 78 as if fully stated herein.

80. As stated above, Defendant retaliated against Plaintiff in violation of the FCRA by requiring him to use vacation time for a medical leave against established company practice, refusing to let him return from the leave, and by terminating his employment.

81. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, loss of dignity, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, emotional pain, and other intangible injuries.

82. Defendant's conduct was with malice or reckless indifference to Plaintiff's protected rights under the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendant, and grant:

a) Appropriate declaratory and other injunctive and/or equitable relief;

b) Compensatory and consequential damages, including damages for mental anguish and emotional distress, including but not limited to depression, loss of dignity, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, emotional pain, and other intangible injuries on all claims allowed by law in an amount to be determined at trial;

c)  All economic losses on all claims allowed by law;

d)  Punitive damages on all claims allowed by law in an amount to be determined at trial;

e)  Pre- and post-judgment interest at the lawful rate;

f)  Attorney's fees and costs of suit;

g)  Any further relief that this court deems just and proper, and any other relief as allowed by law.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

By: */s/ Brian Calciano*
Brian Calciano, Esquire
Fla. Bar No. 0108879
Brian Calciano, P.A.
146 2nd St. N., Ste. 310-DD
St. Petersburg, FL 33701
Tel: (727) 202-4516
Email: brian@flemploymentlaw.com
Attorney for Plaintiff